CV-05 1861

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   APR 1 5 2005   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Michael J. Wang,  M.D.

               Plaintiff,

       -against-

United States Medical License
Examination Secretariat,

               Defendant,
----------------------------------------------------------x

(SI)   **COMPLAINT**

**PLAINTIFF HEREBY
DEMANDS A TRIAL
BY JURY**

SEYBERT, J.
LINDSAY, M.

## PARTIES AND VENUE

1.     Michael J. Wang. M.D. is resident of Suffolk County, 4 Chester Street, South Setauket, NY 11720.  Tel. No. (631)689-0696

2.     Upon information and belief, defendant, United States Medical License Examination Secretariat ("USMLE") 3750 Market Street, Philadelphia, PA 19104-3190. Tel. No. (215)590-5700

## JURISDICTION

3.     Original jurisdiction of this Court is found upon the Title VII of the Civil Right Act of 1964, *et seq.* in that this is a civil action wherein the maters in controversy arise under the laws of the United States, including 42 U.S.C. Section 2000(e), as amended, including but not limited to, the Civil Right Act of 1991, and 42 U.S.C. Section 1981.  The jurisdiction of this Court is also found upon the legal principles of pendant jurisdiction.

1

4.      This action seeks compensatory and punitive damages for defendant'
violation of the United States Constitution, New York State Constitution, Federal and
New York State anti-discrimination statue, as well as claims arising under New York
common law.

5.      This lawsuit is filed within ninety days of receipt of a Notice of Right to
Sue from the United States Equal Employment Opportunity Commission.

## FACTS GIVING RISE TO THE CLAIMS

*Background*

6.      Dr. Wang is a physician of Asian descent, born in the People's Republic
of China.

7.      As of June 8, 1998 Dr. Wang received a current valid certificate (number
0-526-755-4) from Education Commission for Foreign Medical Graduate ("ECFMG")
having received a satisfactory score on the ECFMG's examinations in basic and clinical
science and English .

8.      Between July 1, 1999 and June 30, 2000. Dr. Wang successfully
completed his first year of post-graduate training (PGY-1) in General Surgery at St.
Vincent's Hospital and Medical Center in New York City.

9.      Between July 1, 2000 and June 30, 2001. Dr. Wang completed his second
year post-graduate training (PGY-2) in anesthesiology residency training program and he
was excellent resident physician including received resident reward at State University of
New York Health Science Center at Stony Brook. ("SUNY" training program).

2

*SUNY Retaliated against plaintiff
for complained about discrimination*

10.     During his third year post-graduate training (PGY-3), Dr. Wang continued

to be an excellent resident physician but he was terminated from SUNY at December 4,

2001.   Because he complained about discriminatory treatment. SUNY retaliated against

him.

*SUNY Further Retaliate and Interfere with
Plaintiff's Efforts to Secure New Employment*

11.     Following unlawful termination from SUNY.  Dr. Wang attempts to

secure new employment.  Upon information and belief SUNY interfere with his efforts

by giving negative reference to prospective employers and did so in manner intended to

and which did in fact humiliate and embarrass him and injure his reputation and character.

12.     In addition, upon information and belief, SUNY defamed plaintiff by

reporting falsely to the New York State Department of Health, Office of Professional

Medical Conduct ("OPMC") that Dr. Wang has practice medicine fraud and suffers from

a substance abuse problem.

13.     As a result, At November 4, 2002 Dr. Wang filed lawsuit against SUNY

at Federal Court (case number: CV02-5840. E.D.N.Y.).

*Defendant defame plaintiff*

14.     Upon information and belief, on or about September 24, 2004. Defendant

USMLE illegally bar Dr. Wang to take USMLE Step 3 Medical License Examination,

prohibit Dr. Wang to seek employment in health care field, obtain a Medical License, and practice medicine in the United States on basis of SUNY's false allegation.  In supply this false information, SUNY was motivated by malice and with a purpose to inflict injury upon Dr. Wang.

15.     USMLE made false allegation regarding USMLE score is fabricated and defamatory.

16.     Defendant's action never had any hearing and due process that violated the rule set by USMLE and Federal State Medical Board ("FSMB").

17.     USMLE's action deprived plaintiff's civil right, liberty, and property of interests guaranteed to him by Constitution of the United States.

18.     As a result of the intentional, malicious, reckless, and willful act of defamation. Plaintiff has suffered damages to his good name, character, reputation. loss of income, emotional distress, mental anguish, humiliation, pain, and suffering.

19.     Defendant's action is so outrageous in character, and extreme in degree, as to go beyond all possible bound civilized and to be regarded as atrocious and utterly intolerable in a civilized society.

## FIRST CAUSE OF ACTION

20.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as if repeats and incorporated herein.

21.     By reason of the foregoing, defendant violated plaintiff's right under the United States Constitution.

4

22.     As a result defendant caused plaintiff to suffer damages, including lost past and future earning, other employment benefits, and emotional injuries in an amount to be determined at trail.

## SECOND CAUSE OF ACTION

23.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as if repeated and incorporated herein.

24.     Defendant USMLE discriminated against plaintiff on basis of his race, his national origin and /or because he complained about such discrimination in violation of 42 U.S.C. Section 2000(e), the Civil Right Act of 1991, as amended.

25.     As a result, defendant USMLE caused plaintiff to suffer damages, including lost past and future earning, other employment benefits, and emotional injuries in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

26.     Plaintiff repeated and realleges each and every allegation contained in paragraphs "1" through "19" as if repeated and incorporated herein.

27.     Defendant discriminated against plaintiff on the basis of his race in violation of 42 U.S.C. Section 1981.

28.     As a result defendant caused plaintiff to suffer damages, including lost past and future earnings, other employment benefit, and emotional injuries in an amount to be determined at trial.

5

## FOURTH CAUSE OF ACTION

29.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as if repeated and incorporated herein.

30.     Defendant violated plaintiff's civil rights in violation of 42 U.S.C. Section 1983.

31.     As a result, defendant caused plaintiff to suffer damages, including lost past and future earring, employment benefits, and emotional injuries in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

32.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as if repeated and incorporated herein.

33.     Defendant violated plaintiff's civil rights in violation of 42 U.S.C. Section 1985.

34.     As a result, defendant caused plaintiff to suffer damages, including lost past and future earning, other employment benefits, and emotional injuries in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

35.     Plaintiff repeated and realleges each and every allegation contained in paragraphs "1" through "19" as if repeated and incorporated herein.

36.     Defendant violated plaintiff's civil rights in violation of 42 U.S.C. Section 1986.

37.     As a result, defendant caused plaintiff to suffer damages, including lost past and future earnings, employment benefits, and emotional injuries in an amount to be determined at trial.


## SEVENTH CAUSE OF ACTION

38.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as if repeated and incorporated herein.

39.     By reason of the foregoing defendant violated plaintiff's right under the New York Constitution.

40.     As a result, defendants caused plaintiff to suffer damages, including lost past and future earning, other employment benefits, and emotional injuries in an amount to be determined at trial.


## EIGHTH CAUSE OF ACTION

41.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as if repeats and incorporated herein.

42.     Defendants discriminated against plaintiff on the basis of his race, his national origin and/or because he complained about such discrimination in violation of New York State Executive Law (New York State Human Right Law) Section 296.

43.     As a result, defendant caused plaintiff to suffer damages, including lost past and future earning, other employment benefits, and emotional injuries in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

44.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as if repeated and incorporated herein.

45.     The defendant's action despite their knowledge and awareness of the illegal nature of that conduct, was willful, outrageous, beyond the bounds of civilized conduct, and undertaken with intention to inflict and did inflict emotional distress.

46.     As a result, defendant have caused plaintiff to suffer damages, including lost past and future earning, other employment benefits, and emotional injures in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19", as if repeated and incorporated herein.

48.     The defendant slandered and/or libeled Dr. Wang.

49.     As a result defendant have caused plaintiff to suffer damages in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as if repeated and incorporated herein.

51.     By reason of defendant's conduct, USMLE illegally bar Dr. Wang to take USMLE Step 3 Medical License Examination,  prohibited Dr. Wang to seek employment in health care field, obtain a Medical License, and practice medicine in the United States.

Dr. Wang is entitled to a judgment of this Court declaring that USMLE acted wrongfully and ordering USMLE to (i) reinstate Dr. Wang's privilege to take Medical License Examination (ii) reinstate Dr. Wang's privilege to seek an employment in health care field (iii) reinstate Dr. Wang's privilege to obtain Medical License and practice medicine in the United States. (iv) Communicate with FSMB to dismiss that illegal action against Dr. Wang.

WHEREFORE, plaintiff demands judgment against defendant as follows:

(i)     On his First Cause of Action, actual damages in an amount to be determined at trial;

(ii)    On his Second Cause of Action, actual damages in an amount to be determined at trial;

(iii)   On his Third Cause of Action, actual damages in an amount to be determined at trial;

(iv)    On his Fourth Cause of Action, actual damages in an amount to be determined at trial;

(v)     On his Fifth Cause of Action, actual damaged in an amount to be determined at trial;

(vi)    On his Sixth Cause of Action, actual damages in an amount to be determined at trial;

(vii)   On his Seventh Cause of Action, actual damages in an amount to be determine at trial;

(viii)   On his Eighth Cause of Action, actual damages in an amount to be determined at

trial;

(ix)   On his Ninth Cause of Action, actual damages in an amount to be determined at

trial;

(x)   On his Tenth Cause of Action, actual damages in an amount to be determined at

trial;

(xi)   On his Eleventh Cause of Action. A declaratory judgment directing USMLE to

dismiss that illegal action against plaintiff.

(xii)   Punitive damages, where recoverable and appropriate;

(xiii)   Taxable costs and disbursements, and

(xiv)   For such further and different relief as the Court deems just and proper.

Date: March 15, 2005,

Respectful submitted

Michael J. Wang, M.D.
4 Chester Street
South Setauket, NY 11720
(631)689-0696

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Michael Wang
4 Chester Street South
Setauket, NY 11720

From: Equal Employment Opportunity Commission
Philadelphia District Office
21 South Fifth Street
Philadelphia, PA 19106-2515

*CV-05 1861*

*FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.*

★ APR 1 5 2005 ★

*LONG ISLAND OFFICE*

[    ]  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2005-00415 | Legal Unit | (215) 440-2828 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

*SEYBERT, J.
LINDSAY, M.J.*

[    ]  More than 180 days have passed since the filing of this charge.

[ X ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[    ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[    ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[    ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marie M. Tomasso, District Director

*April 13, 2005*

*(Date Mailed)*

Enclosure(s)

cc:   United Medical License Examination Secretariat