LAW OFFICES
**MORGAN, LEWIS & BOCKIUS LLP**
1701 MARKET STREET
PHILADELPHIA, PA 19103
(215) 963-5000
ATTORNEYS FOR DEFENDANT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MICHAEL J. WANG,** | C.A. No. 2:05-CV-01861 (JS)(ARL) |
| Plaintiffs, | |
| v. | **ELECTRONICALLY FILED** |
| **UNITED STATES MEDICAL LICENSE EXAMINATION SECRETARIAT,** | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE NATIONAL BOARD OF MEDICAL EXAMINERS AND THE FEDERATION OF STATE MEDICAL BOARDS' MOTION TO DISMISS**

By:  Michael J. Puma (MP-5573)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5000

Of Counsel:  William J. Delany
Dino Privitera
Silvia Adriana LeBlanc
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921

Attorneys for National Board of Medical Examiners and the Federation of State Medical Boards

**PRELIMINARY STATEMENT**

The National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB"), the cosponsoring entities of the United States Medical Licensing Examination ("USMLE"), by and through their counsel, Morgan, Lewis & Bockius, LLP, hereby appear before this Court for the limited purpose of moving to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (4) and (5) for lack of jurisdiction.[1]  Simply put, the USMLE is not a legal entity, and lacks the capacity to be sued under Federal Rule of Civil Procedure 17(b) and applicable state law.  Accordingly, the Complaint against USMLE should be dismissed with prejudice in its entirety.

**STATEMENT OF ALLEGED FACTS**

On or about April 15, 2005, Plaintiff Michael J. Wang, acting in a *pro se* capacity, filed an eleven-count Complaint against USMLE alleging unspecified violations of both the Federal and New York State constitutions, asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e) et seq., 42 U.S.C. §§ 1981, 1983, 1985, 1986 and New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq., and asserting claims for defamation and intentional infliction of emotion distress under New York common law.  Putting aside the frivolity of Plaintiff's allegations, Plaintiff has sued something that is not a legally cognizable entity.

By way of background, the USMLE is an examination program that assesses a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that are important in health and treatment of disease and that constitute the basis of safe and effective patient care.  See Affidavit of Peter V. Scoles ("Scoles Aff."),

---

[1] To clarify, NBME and FSMB are not entering appearances in this matter but, rather, for the sake of judicial economy, appear through counsel for the limited purpose of contesting jurisdiction in this matter.

2

attached hereto as Exhibit A at ¶ 2.[2/]  The exam is administered in three stages, with each step a necessary complement to the others.  Id.

In his Complaint, Plaintiff failed to plead USMLE's citizenship and principal place of business.  Complaint ¶ 2.  The reason is because he cannot.  USMLE is cosponsored and administered (through an outside vendor) by FSMB and the NBME.  Scoles Aff. at ¶ 3.  USMLE is *not* a legal entity but, rather, is the test itself that is cosponsored by FSMB and NBME.  Id. at ¶ 4.  USMLE has no corporate citizenship, and is not organized or recognized as a legal entity under the laws of Pennsylvania, New York or any other jurisdiction.  Id.  Like a bar admissions test or the Scholastic Aptitude Test, it is, at best, a "thing" – an exam – that lacks the capacity to sue or be sued in this or any jurisdiction.[3/]

## LEGAL ARGUMENT

Under Rule 17(b) of the Federal Rules of Civil Procedure, an entity's capacity to be sued is determined by the law of the state in which the person lives or the corporation is organized, respectively.  Fed. R. Civ. P. 17(b).  In all other cases, like this one, "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Id. Where, as here, USMLE has no citizenship or domicile, nor is it organized or recognized, formally or informally, as a legal entity in any jurisdiction, its capacity to be sued should be reviewed under New York state law.

---

2/   The inclusion of Dr. Scoles' affidavit for purposes of contesting jurisdiction should not convert this motion into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  See, e.g., Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004)("A motion to dismiss for lack of jurisdiction cannot be converted into a Rule 56 motion . . .")(citations omitted); Exch. Nat'l Bank v. Touche Ross & Co., 544 F. 2d 1126 (2d Cir. 1976)(evidentiary matters presented by affidavit or otherwise is proper where jurisdiction is challenged)(citations omitted).

3/   To further compound Plaintiff's error, he names the "United States Medical License Secretariat" as Defendant in this matter.  The Secretariat of the USMLE is the Office of the Secretary of the USMLE.  Scoles Aff. at ¶ 5.  That is, not only did Plaintiff sue a non-entity, he sued an administrative function of that non-entity.  Id. at ¶6.

3

Generally, any "entity" under New York law "whether it be called an association, corporation, a governmental subdivision, or some other appellation" has "no legal status beyond that which it is endowed by express statutory provision or by necessary implication therefrom." In the Matter of Pelham Council of Governing Boards, 720 N.Y.S. 2d 768, 769 (Sup. Ct. Westchester Cty. 2001). That is:

> Any group of persons or entities may, of course, join together for any lawful purpose whether or not the resulting "thing" constitutes a creature which has been defined by the Legislature. But, absent such statutory endowment, said "thing" would be without legal status or power – as, for example, to seek judicial redress.

Id. Simply put, under New York law, the ability to properly appear before a judicial forum is necessarily dependant on the legal status of the entity involved. Where, as here, there is no express and implied statutory endowment that would cover USMLE, it lacks the capacity to sue or be sued under New York law.

Cases reviewing legal capacity in other contexts arrive at this same result. For example, in Bragg v. Emmis Broadcasting Corp., Civil No. 95-10310, 1998 U.S. Dist. LEXIS 16290, at *13-14, (S.D.N.Y. Oct. 14, 1998), the Court dismissed a defendant radio station from the action where Plaintiff admitted that the named defendant "WRKS" was not a legal entity but, rather, "the name of the [radio] station located at 98.7 of the FM dial." See also O'Neal v. County of Nassau, 992 F. Supp. 524, 531 n. 10 (E.D.N.Y. 1997)(noting that a named defendant was not a legal entity subject to suit); Bingham v. Inland Division of General Motors, Civ. No. 91-3067, 1991 U.S. App. LEXIS 26364, at *2 (6th Cir. Oct. 31, 1991)(affirming district court's decision to quash service of process where plaintiff named as a defendant a wholly-owned operating division that "has no independent legal status and is not capable of being sued"); Doe v. Bayer Corp., 344 F. Supp. 2d 466, 469 (M.D.N.C. 2004)(finding that division of defendant was not legal person and not capable of being sued under North Carolina law). Accordingly,

4

USMLE, which is not a legal entity or person, should be dismissed from this litigation.[4]

## CONCLUSION

For all of the foregoing reasons, Plaintiff's claims against USMLE which are addressed in this motion should be dismissed with prejudice, together with such other and further relief as this Court deems appropriate.

Dated: May 10, 2005

Respectfully submitted,

s/ Michael J. Puma
Michael J. Puma (MP-5573)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5000

Of Counsel:

William J. Delany
Dino Privitera
Silvia Adriana LeBlanc
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921

Attorneys for National Board of Medical Examiners and the Federation of State Medical Boards

---

[4] Given Plaintiff's penchant for initiating frivolous litigation and agency actions, the Court should deny any request for leave to amend Plaintiff's complaint to name NBME and/or FSMB.  Such leave would be futile, if not an abuse of process.  Each and every count of the complaint – assuming that the allegations made against USMLE will be made against the sponsoring entities – lack legal and factual merit, as briefed in detail by the Educational Commission for Foreign Medical Graduates ("ECFMG") in a companion case.  See Wang v. ECFMG, Civil No. 05-1862 (JS)(ARL).  The Complaint in this matter is almost identical in every respect, but for the substitution of "USMLE" for "ECFMG," in those few paragraphs that relate at all to the conduct at issue here.

5