UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x

Michael J. Wang, M.D.

                     Plaintiff,

        -Against-

United States Medical License
Examination Secretariat,

                   Defendant,

-----------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

★   MAY 1 3 2005   ★

LONG ISLAND OFFICE
CV 05-1861
(JS) (ARL)

## PLAINTIFF OPPOSE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND PROPOSED PRE-TRIAL ORDER

Affidavit of Michael J. Wang, M.D. plaintiff in opposition to defendant's motion to dismiss the complaint. Plaintiff being a citizen of United States, under pains and penalties of perjury to hereby strongly oppose the motion to dismiss the complaint pursuant to Fed. R. Civ. P. Rule 8, and Fed. R. Civ. P. Rule 12(f) filed by Michael J. Puma, Counsel for defendant and request this Court forward this case for a jury trial on the merits of each of his claims.

### TABLE OF CONTENTS

| | Page |
|---|---|
| AFFIDAVIT | 1 |
| TABLE OF CONTENTS | 1 |
| TABLE OF AUTHORITIES | 3 |
| RULES AND STATUES | 5 |
| STATEMENT OF JURISDICTION | 5 |
| STATEMENT OF THE CASE | 6 |
|     A.  Course of proceedings and disposition in the Court below | 6 |
|     B.  Statement of facts | 6 |

STANDARD OF REVIEW ......... 8

ARGUMENT ......... 9

   I.  Plaintiff rise a genuine issue of material facts for trial concerning his claims of race and/or national original discrimination, and retaliation for complaint about discrimination under the Title VII of the Civil Right Act of 1964.  9

   A.  Plaintiff is qualified resident physician under rule of ACGME   9

   B.  Defendant discriminatory revoke plaintiff's privilege was based on race and/or national origin, and violates plaintiff's civil right.   10

   C.  Defendant violates plaintiff's right under United States Constitution and New York  Constitution.   11

   D.  Plaintiff's claims pursuant to 42 U.S.C. Section 1981, 42 U.S.C Section 1983, 42 U.S.C. Section 1985, and 42 U.S.C. Section 1986   12

   II.  Plaintiff rise genuine issue of material facts for trial concerning his State Law Claims   13

   A.  Defendant retaliate against plaintiff and interfere with Plaintiff's efforts to secure new employment   14

   B.  Defendant defames Plaintiff and intentional infliction of emotional distress   15

CONCLUTION ......... 16

TRIAL EXHIBITS ......... 16

TRIAL WITNESSES ......... 18

DAMAGES ......... 21

JURY INSTRUCTIONS ......... 22

OTHER MATTERS ......... 22

# TABLE OF AUTHORITIES

## CASES

*Abrams v. Baylor College of Medicine*
805 F. 2d 528 (5th Cir. 1986).

*Anderson v. Liberty Lobby, Inc.,*
447 U.S. 242, 106 Sect. 2505, 91 L. Ed. 2d 202 (1986)

*Banerjee v. Board of Trustees of Smith College,*
648 F. 2d 61 (1st Cir.), *cert. denied,*

*Berry v. Stevinson Chevrolet*
74F. 3d 980, 986 (10th Cir. 1996)

*Bennun v. Rutgers,*
941 F.2d 154 56 F.E.P. Cases 747, (3rd Cir. 1991)

*Berry v. Armstrong Rubber Co.,*
989 F. 2d 822 (5th Cir. 1993), cert., denied, 1144 S.Ct. 1067(1994)

*Bodenheimer v. PPG Industries,Inc,*
5F.3d 955 (5th Cir. 1992)

*Breaux v. Schlumberger Offshore Services,*
817 F. 2d 1226 (5th Cir, 1987)

*Brown v. CSC Logic, Inc.,*
82 F. 3rd 651(5th Cir. 1987)

*Charlton v. Paramut Bd. Of Educ.,*
25F. 3d 194, 198-200 (3rd Cir. 1994), cert. denied,

*Collins v. Baptist Memorial Geriatric Center,*
937 F. 2d 190, 193(5th Cir. 1991)

*E.E.O.C. v. Manville Sales Corp.,*
27 F.2d 1089(5th Cir, 1994),

*Glass v. Petro-tex Chemical Corp.,*
757 F.2d 1554 (5th Cir. 1985)

*Gonzales v. Police Department in San Jose,*
901 F.2d 13 (7th Cir, 1987)

*Graefebhain v. Pabst Brewing Co.*
827 F.2d 13 (7th Cir. 19)

*Grizzle v. Travelers Health Network, Inc.,*
14 F. 3d 261, 267 (5th Cir. 1994)

*Gutzwiller v. Fenik*
860 F. 2d 1317 (6th Cir. 1988)

*Jones v. Flagship International*
793 F. 2d 714, 727-28 (5th Cir. 1987)

*Kunda v. Muhlenberg*
621 F.2d 532(3rd Cir. 1980)

*Lam v. University of Hawaii,*
40 F.3d 1551, 66 F.E.P. Cases 75 (9th Cir, 1994)

*McDonald Douglas Corp v. Green,*
411 U.S. 792, 93 S. Ct, 1817, 36L.Ed. (2nd 668 1973)

*Normandy v. Research Institute of America*
927 F. 2d 857 (5th Cir. 1991)

*Pantchenko v. C.B.Dolge Company, Inc.,*
581 F .2d 1052 (2nd Cir, 1978)

*Portis v. First National Bank of New Albany MS,*
34 F.3d 325(5th Cir. 1994)

*Robinson v. City of Pittsburgh*
120 F.3d 1286, 1300 (3rd Cir. 1997)

*Roebuck v. Drexel University*
825 D 2d 715 (3rd Cir. 1988)

*Sinai v. New England Telephone,*
3 F.3d 471, 62 F.E.P. Cases 1202 (1st Cir, 1993)

*Smith v. St. Louis University,*
109 F. 3d 1261, at 1266 (8th Cir. 1997)

*Torres v. Pisano*
116 F.3d 625, 640 (2ND Cir, 1997)

*Zahorik v. Cornell University,*
729 F.2d 85 (2nd Cir. 1984)

## RULES AND STATUES

The Fifth, and Fourteenth Amendment of United States Constitution

18 U.S.C. Section 241

28 U.S.C. Section 1331

28 U.S.C. Section 1343

42 U.S.C. Section 1981

42 U.S.C. Section 1983

42 U.S.C. Section 1985

42 U.S.C. Section 1986

42 U.S.C. Section 2000 (e)

The Civil Right Act of 1991

New York Constitution

New York State Executive Law (New York State Human Right Law) Section 296

New York Common Laws

Revoke privilege

Retaliation for complain about discrimination

Interfere with plaintiff's efforts for new employment

Defamation, malice, and reckless.

Intentional infliction of emotional distress

## STATEMENT OF JURISDICTION

1. Original jurisdiction of this Court founded upon 28 U.S.C. Section 1331, *et seg*. In that this is a civil action wherein the matters in controversy arise the laws of the United States, including 42 U.S.C. Section 2000(e), as amended, including but not limited to, the Civil Right Act of 1991, 42 U.S.C. Section 1981, and 42 U.S.C. Section 1983 The Jurisdiction

5

of this court is also founded upon the legal principals of pendant jurisdiction. (see exhibit 117)

2. This action seeks compensatory and punitive damages for defendant's violations of the United States Constitution, The New York Constitution, Federal and New York State anti-discrimination statutes as well as claims arising under New York common law. (see exhibit 117)

3. This lawsuit is filed within ninety days of receipt of a Notice of Right to Sue from the United States Equal Employment Opportunity Commission. (see exhibit 122)

## STATEMENT OF THE CASE

**A. Course of proceedings and disposition in the Court below**
April 15, 2005 plaintiff filed case against Defendant.
May 10. , 2005 defendant files motion to dismiss the complaint
May 11, 2005, Plaintiff files oppose defendant's motion to dismiss the complaint and proposed Pre-trial order, vior dire, special verdict form, and jury instructions
**B. Statement of facts.**

*Background*

1.  Dr. Wang is a physician of Asian descent, born in the People's Republic of China.

2.  In 1982, Dr. Wang graduated from Zhangjiakou Medical College, in Hebei, People's Republic of China. (see exhibit 1,  and trial witnesses testify)

3.  As of June 8, 1988, Dr. Wang received a current valid certificate (number 0-526-755-4) from the Education Commission for Foreign Medical Graduates("ECFMG"), having received a satisfactory score on the ECFMG's examinations in basic and clinical sciences and English.(see exhibit 2)

4. Between July 1, and June 30, 2000, Dr. Wang successfully completed his first year of post-graduate training in general surgery (PGY-1) at St. Vincent's Hospital and Medical Center in New York City.(see exhibit 3, 3.1, 3.2, 3.3, 3.4)

5. Between July1, 2000, and June 30, 2001 Dr. Wang completed his second year post-graduate training (PGY-2) in anesthesiology residency training program and he was excellent resident physician including received resident reward (see exhibit 4, 109 and trial witness testify) at State University of New York Health Science Center at Stony Brook (the "SUNY" training program).

*SUNY Retaliated against plaintiff*
*For complain about discrimination*

6. During his third year post-graduate training (PGY-3), Dr. Wang continued to be excellent resident physician but he was terminated by SUNY at December 4, 2001. Because he complained about discriminatory treatment. SUNY retaliated against him (see exhibit 105, 125, and trail witness testify)

*SUNY Further Retaliated and Interfere with*
*Plaintiff's efforts to Secure New Employment*

7. Following his unlawful termination from SUNY, Dr. Wang attempts to secure a new employment.  Upon information and belief, SUNY interfere with his efforts by giving negative reference to prospective employers and did so in manner intended to and which did in fact humiliate and embarrass him and injure his reputation and character. .(see exhibit 111, 112, 119, 121 and trial witnesses testify)

8. In addition, upon information and belief, defendant SUNY  defamed Dr. Wang by reporting falsely to the New York State Department of Health, Office of Professional Medical Conduct ("OPMC"), that he had  practice medicine fraud

and suffered from a substance abuse problem.(see exhibit 106, and trial witnesses testify).

9.  As a result, at November 4, 2002 Dr. Wang filed civil lawsuit against SUNY at federal Court (case number: CV 02-5840 E.D.N.Y.)

*Defendant defame Plaintiff*

10. Upon information and belief, In or about September 24, 2004 Defendant illegally revoked Dr. Wang's privilege to take USMLE Step 3 Medical License Examination, prohibit Dr. Wang to seek employment in health care field, and practice medicine in the United States on basis of SUNY's false allegation.  In supplying this false information. SUNY was motivated by malice and with a purpose to inflict injury upon Dr. Wang.

11. USMLE made false allegation regarding USMLE score is fabricated and defamatory (see exhibit 132, 133).

12. Defendant's action never had any hearing and due process that violate the rule set by United States Medical License Examination ("USMLE") and Federal State Medical Boards ("FSMB") (see exhibit 131).

## STANDARD OF REVIEW

In reviewing summary judgment. The Court must view the evidence presented in light most favorable to the party opposing the motion.  *Rhodes v. Guiberson Oil Tools,* 75 F .3d 950 (5th Cir. 1996).  In  the  case of *Reeves v. Sanderson Plumbing Products, Inc.,* The unanimous U.S. Supreme Court reaffirmed that "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that the inquiry under each is the same" *Reeves*, at 2110. Any doubts about the propriety of granting the

motion must be resolved against moving party.  *Stationaer Corp. v. Dan & Bradstreet, Inc.* 62 Cal, 2d 412, 417 (1965) *Violette v. Soup* 16 Cal. app. ( 4th Cir 611 1993). *Berry v. Armstrong Rubber Co.,* 989 F.2d  822 (5th Cir. 1993), *cert denied,* 114 S.Ct. 1067(1994).  *Bodenheimer v. PPG Industries, Inc.,* 5 F3d 955(5th Cir. 1992). The party seeking summary judgment must demonstrate its entitlement to judgment as a matter of law and that no genuine issue of material fact exists by showing that there is an absence of evidence to support the non-moving party's case. *Celotes Corp. v. Catlett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*, 447 U.S. 242, 248, 106 S.Ct. 2505 2510, 91 L. Ed. 2d 202 (1986). The Court must draw all justifiable inferences in favor of the non-moving party. *Id.* at 255, S.Ct. 2513.

## ARGUMENT

**I.  Plaintiff rise a genuine issue of material fact for trial concerning his claims of race and/or national origin discrimination and retaliation for complaint about discrimination under the Title VII of the Civil Right Act of 1964.**

1. Under Title VII, It is unlawful for an institution to discrimination in hiring process any individual or otherwise to discriminate to against any individual with respect to his compensation, term, conditions, or privilege of employment, because of such individual's race, national origin, and complaint about discrimination.  42 U.S.C. Section 2000 (e). To prove discrimination, Plaintiff has presented direct evidence of discrimination, and retaliation from USMLE. *Lim v. Trustee of Indiana University* 297 F. 3d 575, 580(7th Cir 2002), *McDonnell Douglas Corp. v. Green* 411 U.S. 792 (1973)

**A. Plaintiff is qualified resident physician under Rule of ACGME**

2. *Zahorik v. Cornell University,* 729 F.2d 85, 94 (2nd Cir. 1984) provides:

Given the particular nature of appointments, renewals and termination decision in academia, it has been held that *a prima facie* case that a member of protected class is qualified for that position.

3. According to rule of Accredit Council for Graduate Medical Education ("ACGME"), the ECFMG certificate is the only required documentation for residency training program (see exhibit 4).

4. Dr. Wang grows up in a medical family. His father was Dean of Medical School, mother was a physician of internal medicine, and his brother is a cardiologist (see trial witnesses testify).

5. Dr. Wang graduated from Zhangjiakou Medical College, Hebei, People's Republic of China. As of June 8, 1998, Dr. Wang received a current valid certificate (number 0-526-755-4) from the Educational Commission for Foreign Medical Graduates ("ECFMG"), having received a satisfactory score on the ECFMG's examinations in basic and clinical sciences and English (see exhibit 1, 2, and trial witnesses testify).

6. Between July 1, 1999 and June 30, 2000, Dr. Wang successfully completed his first year of post-graduate training in general surgery (PGY-1) at St. Vincent's Hospital and Medical Center in New York City (see exhibit 3, 3.1, 3.2, 3.3, 3.4).

7. Dr. Wang was excellent resident at SUNY Anesthesiology residency program. *Under Zahoarik*, Dr.Wang may employ referent or other scholars in the particular field to assist in making *a prima facie case* (see exhibit 3, 3.1, 3.2, 3.3, 3.4, 7-100, and trial witnesses testify).

**B. Defendant's discriminatory revoke plaintiff's privilege was based on Race and/or national origin and violated plaintiff' civil right.**

8. In order to establish a prima facie case of discrimination for revoke of privilege, the plaintiff has show 1) that he is a member of a protected class; 2) that he sought and was qualified for an available employment position; 3) that His job performance is up to the

employer's legitimate expectation for that position. 4) He suffered an adverse employment action, and that the employer treated similarly situated employees outside than protected class more favorably. *Mateu-Anderegg v. School Dist. of Whitefish Bay* 304 F. 3d 618 625(7th Cir 2002). (See exhibit 7-100, and trial witnesses testify) 42 U.S.C. Section 2000(e)-2 Prohibition against discriminatory use of test scores.  To limit segregate, or classify his employee or applications for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race , color, religious, sex, or national origin.

9. Dr. Wang was excellent resident physician in both clinical performance and medical knowledge during his training both at St Vincent's Hospital and SUNY at Stony Brook University Hospital.  He received excellen and good evaluations from faculty and attending physicians (see exhibit 3, 3.1, 3.2, 3.3, 3.4, 7-100). Dr. Wang received an award for his medical knowledge at June 2001 he is the only resident received this reward in his class (see exhibit 7-100, 109, and trial witnesses testify).

10. Despite defendant's knowledge of this fact.  Defendant deliberate revoke Dr. Wang's privilege which he deserves.  Defendant revoke Dr. Wang's privilege and subsequent defame him in forma "continuing violation" (see exhibit 118, and trial witnesses testify) under both 42 U.S.C. Section 1981 and the 42 U.S.C. 2000 (e*).  Glass v. Petro-Tex Chemical Corp.*, 757F.2d 1554(5th Cir. 1985): *Abrams v. Baylor College of Medicine*, 805 F .2d 528(5th Cir. 1986).

**C. Defendant violated plaintiff' right under United States Constitution, and New York State Constitution**

11. The Fourteenth Amendment of United States Constitution gives the due process and equal protection right.  New York Constitution gives same right as United States Constitution.  Defendant intentionally denied plaintiff's due process and equal protection right which is granted by United States Constitution, and New York State Constitution before taking this adverse action (See exhibit 117, and trial witnesses testify)

12. Plaintiff is entitled to the equal protection of the law under the Fourteenth Amendment of United States Constitution and due process of law under the Fifth and Fourteenth Amendment of United States Constitution.  Defendant was willful and was intended to cause injury to plaintiff in violation of his legal right.  Plaintiff suffer harm and other physical injury because defendant's failure to use due care (see exhibit 113, 126, and trial witnesses testify).

13. Defendant' failed to take all reasonable steps necessary to prevent discrimination and retaliation against plaintiff from occurring and to take all reasonable steps necessary to remedy discrimination and retaliation that had occurs against him  (see exhibit 115, 116, 120, 126, and trial witnesses testify).

**D. Plaintiff's claims pursuant to 42 U.S.C. Section 1981, 42 U.S.C. Section 1983, 42 U.S.C. Section 1985, 42 U.S.C. Section 1986.**

14. 42 U.S.C. Section 1981 cover racial discrimination, specifically Section 1981 provides in pertinent parts as follows: All person within the jurisdiction of the United States shall have the same right in every States and territory to make and enforce contracts… and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by whites citizens….

15. *Johnson v. Railway Express Agent, Inc.* 4521 U.S. 454 459-60 10F E.P.  Case 817, 819 (1975) hold that "42 U.S.C. Section 1981 affords federal remedy against discrimination in employment on the basis of race" The Court's holding makes clear that Section 1981 was intended to "prohibit discrimination in the making or enforcement of contracts against or in favor of any race*" McDonald v. Sabta Fe Trail Transportation Co.* 427 U.S. 273 96S Ct 2574, 12 F.E.P. cases 1585 (1976). Private individuals and organizations can be sued under section 1981 *Runyon v. McCrary* 427 U.S. 160 168-74 (1976) Likewise Section 1981 prohibits discrimination based on ancestry or ethnicity. *St. Frances College v. Al-Karajan* 481 U.S. 604 (1981) Moreover Section 101 of Civil Right

Act 1991 prohibits intentional discrimination hiring.  Defendant's action prohibit plaintiff to seek employment in health care fields and practice medicine in the United States. It is impossible for plaintiff to find a job and survive in the United States.

16. Civil right action for deprivation of right any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right , privilege, or immunities secured by the constitution and laws.  Shall be liable to the parties injures in an action at law, suit in equity, or others proper proceeding for redress, for the purpose of this section

17. .In order to state a claim under 42 U.S.C. Section 1983 plaintiff has demonstrate defendant acting under color of State law, deprived plaintiff of federal statutory or constitutional right *Gonzaga University v. Doe,* 536 U.S. slip. Op. at 8, case #01-678(U.S. June 20, 2002); *Eagleston v. Guido*, 41 F.3d 865 (2nd Cir. 1994).

18. 42 U.S.C. 1985 Conspiracy to interfere with civil right – if two or more persons in any state or territory conspire to deter, by fore, intimidation, or threat, any party, or witness an any court of the United States from attending such court, or from testified to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified… or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any state or territory with intent to deny to any citizen the equal protection of the laws, or to injure him of his property for lawfully enforcing, or attempting to enforce, the right of any person or class of person to the equal protection of the laws

19. Pursuant 42 U.S.C. Section 1985 and 42 U.S.C. Section 1986 plaintiff has established 1) a conspiracy;  2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the laws; and  3) an act in furtherance of the conspiracy;  4) whereby a person is either injures in his person or property or depriving of any right or privilege of a

citizen of the United States. *United Brother hood of Carpenters and Joiners, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983).

20. To prove a conspiracy in violation of 42 U.S.C. Section 1985. Plaintiff has shown that some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators defendant and SUNY. *Griffin v. Breckenridge*, 403 U.S. 88, 102(1971). The same issues were brought up by defendant against plaintiff are pending a jury trial at federal Court. It is violated rules set by USMLE and FSMB that interfere with same issues that are pending a trial at Court. Defendant act in furtherance of conspiracy with SUNY and SUNY present defendant's action to federal Court and trying to use Defendant's papers to contaminate federal Court that is *a prima facie case* of conspiracy on part of Defendant and on part of SUNY. Despite defendant's knowledge of this illegal nature of conduct, Defendant intentionally, willfully, malicious, and reckless inflict injure upon plaintiff. Defendant has actual knowledge of a conspiracy to violate plaintiff's right as describe 42 U.S.C. 1985. Defendant knows or had reason to know about a conspiracy to injure plaintiff and failed to prevent a conspiracy 42 U.S.C. Section 1986 Action for neglect to prevent.
18 U.S.C. Section 241 Conspiracy against rights. If two or more persons conspirer to injure, oppress, threaten, or intimidate any person in any state.

## II. Plaintiff rise genuine issue of material fact for trial concerning his New York State Law Claims.

## A. Defendant retaliates against plaintiff and interferes with plaintiff's efforts to secure new employment

21. Upon information and belief. In or about May, 2004 defendant illegally revoked Dr. Wang's privilege to take USMLE Step 3 Medical License Examination, and prohibits him to seek employment in health care field and practice medicine in the United States. Defendant's action made plaintiff impossible to find a job and survive in the United States. Defendant's action deprive plaintiff' civil right, liberty, and property of interest

guaranteed to him by Constitution of the United States (see exhibit 130 and trial witnesses testify).

22. In taking this adverse action, defendant was motivated by malice and with a purpose to inflict injury upon Dr. Wang.  Defendant fully defamed plaintiff and damaged his good name, characters, and reputation (see exhibit 130, and trial witnesses testify).

23. As a result of the intentional, malicious, reckless, and willful act of defamation. Plaintiff has suffered damage his good name, reputation, loss of income, emotional distress, mental anguish, humiliation, pain, and suffering (see exhibit 130, and trial witnesses testify).

**B.  Defendant defamed plaintiff and intentional infliction of emotional distress.**

24. Under the New York State Law,  intentional infliction of emotional distress is described as follows" One who by extreme and outrageous conduct intentionally or recklessly cause severe emotional distress to another is subject to liability for such emotional distress" *Cullison v. Malley*  570 NE. 2d  27. 31 (1991)

25. Plaintiff starts an extensive job search and sends hundreds of job applications to whole country following unlawfully termination and continue job search every year. Defendant intentionally interfered with Dr. Wang's prospective economic advantage by interfering with his efforts to secure new employment after leaving the SUNY, and did so in a manner intended to and which did in fact humiliate and embarrass him and injured his reputation and character (see exhibit 110, 111, 112, and trial witnesses testify).

26. Defendant's actions, despite their knowledge and awareness of the illegal nature of that conduct, was  willful, outrageous, beyond the bounds of civilized conduct, and undertaken with the intention to inflict and did inflict emotional distress. Plaintiff has been suffering physically and emotionally which includes depression, suicides idea, headache, insomnia, and lack of concentration (see exhibit 114, and trial witnesses testify).

27. The defendant slandered and /or libeled Dr. Wang.  Defendant interfere with plaintiff's efforts for new employment by revoking his privilege and prohibit Dr. Wang to seek employment in health care field and find a job and survive in the United States (see exhibit 106, and trial witnesses testify).

28.  Defendant's actions are so outrageous in character, and extreme in degree, as to go beyond all possible bound civilized and to be regard as atrocious and utterly intolerable in a civilized society (see exhibit 117, and trial witnesses testify).

29. As a direct and proximate result of the wrongful conduct of defendant and each of them plaintiff is hurt, injure in his health, strength, activity, sustaining injury to his nervous system, and person.  All of which injures have caused, and continue to cause plaintiff great mental, physical, emotional, nervous pain, and suffering (see exhibit 113, and trial witnesses testify).

## CONCLUSION

Plaintiff requests this Court to deny defendant's Motion to dismiss the complaint. Genius issue of material facts exist with respect to each of plaintiff claims and forward this case for a jury trial on the merits of each of his clams.

## TRIAL EXHIBITS

Listing and description of exhibits intended to be introduced at trial. Parties will have the opportunity to exchange exhibits in order to formulate objections thereto. As to any exhibits to which the parties can not agree, memoranda have been submitted on or before five working days prior trial.

| Exhibit No. | Description | Objeection |
|---|---|---|
| 1 | Medical School Diploma | |
| 2 | ECFMG Certificate | |
| 3 | Certificate from St. Vincent's Hospital | |
| 3.1 | Letter of Recommendation from Dr. Wallack, M .D. | |

| 3.2 | Letter of Recommendation from Dr. Fung, M.D. |
|---|---|
| 3.3 | Letter of Recommendation form Dr. Kwan, M.D. |
| 3.4 | Certificate for successful performance duty of resident in surgery for in St. Vincent's Hospital |
| 4 | Resident contract for 2nd year resident from SUNY |
| 4.1 | Acceptance letter for 2nd year resident from SUNY |
| 7-100 | SUNY anesthesia resident evaluations for Dr. Wang |
| 101 | Dr. Wang's third year resident contract (PGY-3) SUNY |
| 103 | Dr. Wang wrote to ABA complaint about discrimination |
| 104 | SUNY's suspension letter to Dr. Wang |
| 105 | SUNY's termination letter to Dr. Wang |
| 106 | OPMC's letter regarding defamation comment from SUNY |
| 107 | Dr. Vitkun's letter to NYSSA state that Dr. Wang is resident in good standing in Dept of anesthesiology |
| 109 | Photo of resident reward Dr. Wang received from SUNY |
| 110 | Dr. Wang's job search after unlawful termination |
| 111 | Letter of rejection from prospective employment |
| 112 | Job search expenses: fax, postage, travel, airfare, hotel |
| 113 | Emotional injury from USMLE and SUNY's libeled |
| 114 | ECFMG's  due process policy regarding adverse action |
| 115 | USMLE's due process policy regarding adverse action |
| 117 | Rules and Statues |
| 119 | ERAS application fee and transmission fees |
| 121 | Dr. Wang's efforts for new employment |
| 122 | EEOC notice right to sue |
| 124 | Letter from PA Human Relations Commission |
| 127 | Physician's evaluations for Dr. Wang's job interview |
| 130 | USMLE defamatory report to FSMB |
| 131 | ECFMG & USMLE's due process policy |
| 132 | USMLE Step I score report |
| 133 | USMLE Step II score report |

# TRIAL WITNESSES

**List of Witnesses**

The individuals listed below will be called to testify as factual witness at the trial of this matter.

Lei Guan, MD
Former resident of Department of Anesthesiology
160 South Middle Neck Road Apt 2M
Great Neck, NY 110221
(516)482-8805

Dr. Guan will testify discriminated and harassment against him by Dept of Anesthesia

Carlos Torres
236 Pennsylvania Ave.
Crestwood, NY 10707
(914)793-1272

Mr. Torres will testify the he met with plaintiff at Hebei Provincial Hospital, Hebei, China while Dr. was a Tumor Surgeon.

Chien Wu
884 Castleton Ave.
Staten Island, NY 10301-1811
(718)390-0956

Mr. Wu will testify plaintiff's medical education background in China and Dr. Wang's clinical skills as a Tumor Surgeon.

Shao H. Yang, MD
Former resident of Department of Anesthesiology
424-8  78th Street Apt 1-A
Elmhurst, NY 11373
(718)898-7969

Dr. Yang will testify plaintiff's complaint of discrimination and circumstances of his termination. SUNY interfere with plaintiff's efforts for new employment and emotional injury plaintiff has been suffering.

Raul J. Masakayan, MD
Former Attending physician of Department of Anesthesiology

32 Setalcote Place
Setauket, NY 11733
(631)246-9276

Dr. Masakayan will testify plaintiff complaint of discrimination and circumstance of his

termination.


Adel R. Abadie, MD
Chairman of Department of Anesthesiology
Brookdale Hospital
1 Brookdale Plaza Room 727 CHC
Brooklyn, NY 11212
(718)2405356

Dr. Abdir will testify SUNY interfere with plaintiff's efforts for new employment,

defamation comment, interference with professional relationship harm professional

reputation and damages.


Mary P. Malone
Patricia A. Cooney, Regional Program Director
Office of Professional Medical Conduct
145 Huguenot Street
New Rochelle, NY 10801
(914)654-7043

Ms. Malone and Ms. Cooney will testify defamatory comment about plaintiff.


M. Jane Matjasko, MD
And other unknown person at the American Board of Anesthesiology
4101 Lake Boone Trial, Suite 510
Raleigh, NC 27607-7506
(919)881-2570


Dr. Majasko will testify plaintiff's complaint of discrimination


Water Backus, MD
Professor of Department of Anesthesiology
227-09 130th Ave.
Laurelton, NY 11413
(718)528-5281

Dr. Backus will testify plaintiff's job performance as a resident physician at SUNY

John S. Gage, MD
Professional of Department of Anesthesiology
7 Mill Pond Road
Stony Brook, NY 11790
(631)246-5192

Dr. Gage will testify plaintiff's job performance as a resident physician at SUNY


Rishimahi S.N. Adsumedli, MD
Associate professor of Department of Anesthesiology
3 Barnaby Court
Hauppauge, NY 11788
(631)360-0633

Dr. Adsummelli will testify plaintiff's job performance ad a resident physician at SUNY


Joy E. Schable, MD
Associate Professor of Department of Anesthesiology
32 Chatham Place
Dix Hills, NY 11746
(516)499-1641

Dr. Schnabel will testify plaintiff's job performance as a resident physician at SUNY.


Individual listed below may be called to testify as expert witness at trial of this matter:


Marc K. Wallck, MD
Chairman, Department of Surgery and Professor of Surgery
Vincent, M. Scarpinoto, MD
Associate Professor and Director of residency Program
New York Medical College
St. Vincent's Hospital and Medical Center
170 W 12th Street
New York, NY 10011
(212)604-8344


Dr. Wallack and Dr. Scarpinoto will testify resident's credential requirement for

residency training program.

Any witness listed or called by plaintiff

Any witness needed for rebuttal

## DAMAGES

Pursuant to Fed. R. Civ.P.26 (a)(1)(C). Plaintiff's damages have not yet been specifically calculates, but can be expected to include the following:

(i)     **Compensatory damage** – including

(a)     **Back pay damages:** The Income plaintiff did not earn but should have between the dates of this alleged discriminate revoke privilege and the date of trial the difference between his actual earning and what he would have earned while in the program as an annual salary:

| | | |
|---|---|---|
| PGY-3 | 2001 | $49,064 |
| PGY-4 | 2002 | $53,000 |
| PGY-5 | 2003 | $57,000 |
| PGY-6 | 2004 | $61,000 |
| PGY-7 | 2005 | $65,000 |

(b)     **Front pay damage:**

The income plaintiff would have earned as a practicing anesthesiologist at an average stating salary of $304,341 as of July, 2003 until his projected retirement in 2037 at age 70 less any mitigation wages he might earn during that period presently undetermined = $304,341 x 34

(c)     **Pain, suffering, humiliation, mental anguish, emotional distress and harm to professional reputation =** $500, 000 x 4

(d) **Other compensatory damages** as the jury may award to compensate plaintiff for defendant's discriminatory conduct which can not presently to be itemized.

(ii)     **Punitive damage:** Defendant intentionally inflict plaintiff emotional distress, malice, defamation, and with reckless disregard to plaintiff's Federal and state protected right under the Title VII of the Civil Right Act of 1964 and New York State Executive Law Section 296 in an amount to be determined a trial.

21

(iii)   **Statutory cost:** which are enumerated under 28 U.S.C. Section 1920. which to date have not been fully incurred or itemized except for the $250 filling fee and which there fore can not presented be itemized.

(iv)   **Pre-judgment interest** on any award, which can not be calculated until a judgment has been rendered.

Plaintiff reserved the right to amended and/or supplement the information and/or documentation contained herein or attached hereto

## JURY INSTRUCTIONS

This case is a jury case. Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to perspective jurors on vior dire are to be derived to the Court and opposing counsel not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

## OTHER MATTERS

Decision on the defender's motion for summary augment and any other motion make will expedite the disposing of this case

**Trial Date**:  Trial shall commence on _____, 2005, at 10:00 a.m. Before the Judge with a jury. The trial is expected to last at least ten (10) days

This pre-trial order will be formulated after conference at which counsel for the respective parties appear in person.  Reasonable opportunity affords counsel for correction, or additions, prior to signing, Hereafter, this order will control the course of the trial and may not be amended expect by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

22

Dated:   May 11, 2005                          Respectfully Submitted

cc. Michael J. Puma.
    Morgan Lewis & Bockius LLP
    1701 Market Street
    Philadelphia, PA 19103

                                               Michael J. Wang, M.D.