```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL J. WANG,

                Plaintiff,

        -against-                          MEMORANDUM AND ORDER
                                           05-CV-1861(JS)(ARL)

UNITED STATES MEDICAL LICENSE
EXAMINATION SECRETARIAT,

                Defendant.
----------------------------------X
APPEARANCES:

For Plaintiff:     Michael J. Wang, pro se
                   4 Chester Street
                   South Setauket, New York 11720

For Defendant:     No Appearance



----------------------------------X
MICHAEL J. WANG,

                Plaintiff,

        -against-                          MEMORANDUM AND ORDER
                                           05-CV-1862(JS)(ARL)

EDUCATION COMMISSION FOR FOREIGN
MEDICAL GRADUATES,

                Defendant.
----------------------------------X
APPEARANCES:

For Plaintiff:     Michael J. Wang, pro se
                   4 Chester Street
                   South Setauket, New York 11720

For Defendant:     Michael J. Puma, Esq.
                   Morgan, Lewis & Bockius LLP
                   101 Park Avenue
                   New York, New York 10178
```

```
------------------------------------X
MICHAEL J. WANG,

                Plaintiff,

        -against-                       MEMORANDUM AND ORDER
                                        05-CV-0845(JS)(ARL)

OFFICE OF PROFESSIONAL MEDICAL
CONDUCT NEW YORK STATE DEPARTMENT
OF HEALTH,

                Defendant.
------------------------------------X
```

APPEARANCES:

For Plaintiff:     Michael J. Wang, pro se
                   4 Chester Street
                   South Setauket, New York 11720

For Defendant:     Toni E. Logue, Esq.
                   NYS Attorney General's Office
                   200 Old Country Road, Suite 460
                   Mineola, New York 11501

Pending before the Court are three motions to dismiss that were filed in each of the above-captioned matters. Plaintiff, Michael J. Wang ("Plaintiff"), filed three separate actions in the spring of 2005 against Defendants Office of Professional Medical Conduct New York State Department of Health ("OPMC"), Education Commission for Foreign Medical Graduates ("ECFMG"), and the United States Medical License Examination Secretariat ("USMLE"), collectively ("Defendants"). For the reasons stated below, the Court grants all three motions to dismiss.

BACKGROUND

These three motions are based on the same set of facts.

All facts presented herein are taken from Plaintiff's Complaints and are assumed to be true for purposes of these motions. Plaintiff is of Asian descent born in the People's Republic of China. (ECFMG Complaint ("ECFMG Compl.") ¶ 6.) On June 8, 1998, the ECFMG certified Plaintiff as having passed the USMLE in basic and clinical science and English ("ECFMG Certificate"). (Id. ¶ 7.) The USMLE is an examination foreign medical graduates must pass before practicing in the United States. From July 1999 to June 2000, Plaintiff completed one year of post-graduate training in general surgery at St. Vincent's Hospital and Medical Center in New York City. (Id. ¶ 8.) From July 2000 to June 2001, Plaintiff completed a second year of residency training at the State University of New York Health Science Center at Stony Brook ("SUNY"). (Id. ¶ 9.) During Plaintiff's third year of residency training at SUNY, SUNY discharged Plaintiff on December 4, 2001.[1] (Id. ¶ 10.)

The following conduct by each of the Defendants is the conduct upon which Plaintiff bases his claims. In May 2004, Plaintiff alleges ECFMG illegally revoked Plaintiff's ECFMG Certificate. (Id. ¶ 14.) In August 2004, OPMC falsely informed the National Practice Bank Data, Healthcare Integrity Protection Data

---

[1] Plaintiff alleged various claims in his Complaint about SUNY's conduct. The Court addressed these allegations in a related summary judgment motion. Accordingly, the Court will not address these claims against SUNY in this Order.

3

Bank ("NPDB-HIPDB") that Plaintiff was fraudulently practicing medicine, thus prohibiting Plaintiff from obtaining a license to practice medicine in New York State. (OPMC Complaint ("OPMC Compl.") ¶ 14.) In September 2004, USMLE illegally barred Plaintiff from taking USMLE Step 3, which Plaintiff claims prohibited Plaintiff from obtaining a license to practice medicine in New York. (USMLE Complaint ("USMLE Compl.") ¶ 14.)

Plaintiff alleges that Defendants' above-described conduct violated Plaintiff's state and federal Constitutional rights. (ECFMG Compl. ¶¶ 21, 39, USMLE Compl. ¶¶ 21, 39, OPMC Compl. ¶¶ 21, 39.) Plaintiff also alleges claims under 42 U.S.C. §§ 2000e, 1981, 1983, 1985, 1986, and New York Executive Law. (ECFMG Compl. ¶¶ 23-43, USMLE Compl. ¶¶ 23-43, OPMC Compl. ¶¶ 23-43.) Plaintiff's state law claims against Defendants are intentional infliction of emotional distress and slander. (ECFMG Compl. ¶¶ 44-49, USMLE Compl. ¶¶ 44-49, OPMC Compl. ¶¶ 44-49.) Plaintiff requests monetary and punitive damages as well as a declaratory judgment declaring Defendants' conduct unlawful and reinstating Plaintiff's privilege to obtain a medical license.

DISCUSSION

I.   Standard of Review

A district court should not grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt, even when the complaint is liberally

4

construed, that the plaintiff can prove no set of facts which would entitle him to relief." Sec. Investor Prot. Corp. v. BDO Seidman, 222 F.3d 63, 69 (2d Cir. 2000) (quoting Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997)). When applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the Plaintiff, as well as accept these factual allegations as true. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989). Moreover, the court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) (quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).

In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the plaintiff and accept these factual allegations as true. H.J. Inc., 492 U.S. at 249; see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 165, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (noting the Federal Rules' liberal system of notice pleading). The appropriate inquiry, therefore, is not whether a plaintiff's claims are ultimately meritorious, but whether the plaintiff is entitled to offer evidence to support them. See Ricciuti v. New York City

Transit Auth., 941 F.2d 119, 123-24 (2d Cir. 1991) (stating plaintiff is not compelled to prove his or her case at the pleading stage).

Additionally, a plaintiff is not required to set out in detail the facts upon which he or she bases a claim. Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A plaintiff need only give a statement of his or her claim that will give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Id. Therefore, where a complaint is filed that charges each element necessary to recover, the dismissal of the case for failure to set out evidential facts can seldom be warranted. See U.S. v. Employment Plasterers' Ass'n, 347 U.S. 186, 189, 74 S. Ct. 452, 98 L. Ed. 618 (1954).

There is no heightened pleading standard applicable to cases involving civil rights. See Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002). However, this Court, as well as other courts in the Eastern District of New York have held that the pleading requirements are not so lackadaisical as to require no factual support. See Mehrhoff v. William Floyd Union Free School District, No. 04-CV-3850, 2005 WL 2077292 (E.D.N.Y. August 22, 2005); Straker v. Metropolitan Transit Authority, 333 F. Supp. 2d 91 (E.D.N.Y. 2004). Rather, as with all complaints, the allegations in a complaint must provide some bare details as to what transpired that supports a claim. See Davis v. The County of Nassau, 355 F. Supp.

6

2d 668 (E.D.N.Y. 2005).

Pro se plaintiffs, like the Plaintiff in these actions, are entitled to a more liberal pleading standard.  However, a pro se plaintiff must still comport with the procedural and substantive rules of law.  See Colo. Capital v. Owens, 2005 U.S. Dist. LEXIS 5219, at *9 (E.D.N.Y. Mar. 16, 2005).  Ordinarily, a pro se plaintiff is entitled to amend his complaint at least once before dismissal so long as a liberal reading of the complaint suggests that it might state a claim.  See Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002).  The Court reviews the instant motions to dismiss under the above-stated standards.

II.  USMLE Is Not An Entity Subject To Suit.

The Court GRANTS Defendants' motion to dismiss against USMLE.  USMLE is not a legal entity or organization; the USMLE is the examination that aspiring physicians take to practice medicine in the United States.  USMLE is not organized or recognized as a legal entity in any jurisdiction, nor does it have citizenship or domicile.  Accordingly, then, USMLE's capacity to be sued must be analyzed under the laws of the state in which this Court sits - New York law.  See FED. R. CIV. P. 17(b).

New York law does not entertain suits against named defendants that are not legal entities. See O'Neal v. County of Nassau, 992 F. Supp. 524, 531 n. 10 (E.D.N.Y. 1997), aff'd, 133 F.3d 907 (2d Cir. 1997) (dismissing an action against a named

defendant that was not a legal entity). Furthermore, when a party does not dispute the status of a named defendant and does not proffer any reasons for why a named defendant who is not a legal entity should be included in an action, a court may dismiss such action against such named defendant. See Bragg v. Emmiss Broad. Corp., 1998 U.S. Dist. LEXIS 16290, *14-*15 (S.D.N.Y. Oct. 19, 1998) (dismissing an action against a named defendant that was not a legal entity and parties did not dispute this). Therefore, the Court dismisses with prejudice Plaintiff's entire action against named Defendant USMLE.

III. Plaintiff's Claims Against ECFMG & OPMC

Because Plaintiff's action against the USMLE is dismissed in its entirety, the Court shall analyze the rest of Plaintiff's actions and claims as against OPMC and ECFMG.

A. Plaintiff's Constitutional And Section 1983 Claims Are Dismissed.

This Court dismisses Plaintiff's claims against the ECFMG under the state and federal Constitutions and Section 1983. ECFMG is not a state actor and therefore, ECFMG is not liable under the Constitutions of the United States and New York.

The Supreme Court held that the Fourteenth Amendment of the Constitution, "which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private parties or entities." Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 73 L.

Ed. 2d 418 (1982). This is also true for the New York Constitution. See Kraft v. Yeshiva Univ., 2001 U.S. Dist. LEXIS 16152, *10 (S.D.N.Y. Oct. 5, 2001) (requiring state action for Due Process and Equal Protection claims under the New York Constitution). Section 1983 also requires action under "color of state law." 42 U.S.C. § 1983.

ECFMG is not a state actor. See Staudinger v. Educ. Comm'n for Foreign Med. Graduates, 1993 U.S. Dist. LEXIS 5576, *6 (S.D.N.Y. Apr. 28, 1993) (analyzing the status of ECFMG as a state actor and ultimately concluding that ECFMG was not a state actor for purposes of the Constitution and Section 1983). Accordingly, the Court dismisses with prejudice Plaintiff's Constitutional and Section 1983 claims against ECFMG.

> B. Plaintiff Fails To State A Constitutional Claim Against OPMC.

Plaintiff has sued OPMC for Constitutional violations. Unlike ECFMG, Defendant OPMC is a state agency and accordingly, the Constitution applies to it. See Rendell-Baker, 457 U.S. at 837. Plaintiff, however, does not specify which of his Constitutional rights were violated.

The Court notes that Plaintiff stated in his Opposition papers that his Equal Protection and Due Process rights were violated. But this was not stated in his Complaint. But assuming Plaintiff properly alleged in his Complaint which of his Constitutional rights were violated, Plaintiff still has not

9

alleged sufficient facts to find an Equal Protection or Due Process claim.

First, to state a valid Equal Protection claim, a party must "allege that a government actor intentionally discriminated against [him] on the basis of race, national origin, or gender." Hayden v. County of Nassau, 180 F.3d 42, 48 (2d Cir. 1999). A party establishes discriminatory intent in one of three ways: (1) the state has "a law or policy . . . that expressly classifies persons on the basis of gender or race," (2) the state applies a "facially neutral law" in a "discriminatory fashion," or (3) the state passes a "facially neutral law" with discriminatory animus and applies that law with discriminatory effect. Id.

Plaintiff does not state facts supporting any of the three ways in which the OPMC could have intentionally discriminated against Plaintiff. Plaintiff alleges that OPMC defamed Plaintiff when it falsely reported to the UPBD-HIPDB that Plaintiff was practicing "medicine fraud." Plaintiff further alleges that such action ultimately prohibited Plaintiff from obtaining his license to practice medicine in New York. (OPMC Compl. ¶ 14.) But such a statement by itself does not amount to discriminatory intent on the part of OPMC.

Second, to the extent that Plaintiff claims he never had any hearing as required by Due Process, Plaintiff's claim fails again. "To state a substantive Due Process claim, a party must

first establish that he had a valid property interest in a benefit that was entitled to constitutional protection at the time he was deprived of that benefit." Zahra v. Town of Southold, 48 F.3d 674, 680 (2d Cir. 1995). Plaintiff does not allege what valid property interest was taken from him without Due Process. For these reasons, Plaintiff's Constitutional claims against OPMC are dismissed without prejudice.

    C.   The Eleventh Amendment Bars The Section 1983 Claim Against OPMC.

To state a claim under Section 1983, a plaintiff must show that a person, acting under color of state law, deprived plaintiff of a federal statutory or constitutional right. See Eagleston v. Guido, 41 F.3d 865, 876 (2d Cir. 1994). Generally, however, when a state is a named defendant in a Section 1983 action, the Eleventh Amendment protects it from suit. CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs., 306 F.3d 87, 94—95 (2d Cir. 2002); Dube v. State Univ. of N.Y., 900 F.2d 587, 594—95 (2d Cir. 1990). "For Eleventh Amendment purposes, governmental entities of a state are considered 'arms of the state . . . '" and are thus entitled to Eleventh Amendment immunity in a Section 1983 action. Figueras v. Walker, 1991 U.S. Dist. LEXIS 2098, at *3 (N.D.N.Y. Feb. 15, 1996) (citations omitted).

    OPMC is not subject to Section 1983 claims. OPMC, as an arm of the state, is entitled to Eleventh Amendment immunity. See id. (holding that OPMC is an agency of the state government and are

"arms of the state" with Eleventh Amendment immunity). Accordingly, the Court dismisses with prejudice Plaintiff's Section 1983 claims against OPMC.

>   D.   Plaintiff's Claims Under Title VII Are Dismissed Because ECFMG And OPMC Are Not Plaintiff's Employers.

Under Title VII, a plaintiff must sue his or her employer or prospective employer. See Kern v. City of Rochester, 93 F.3d 38, 45 (2d Cir. 1996) ("Title VII is an employment law, available only to employees (or prospective employees) seeking redress for the unlawful employment practices of their employers.") (citations omitted). In Kern, the Second Circuit explained that the only time a plaintiff can sue an entity that is not the plaintiff's direct employer is when that entity is "closely intertwined" with a plaintiff's employer (or prospective employer). Id. An entity is closely intertwined with an employer when the employer delegates to the entity certain employment responsibilities. See id.

Defendants ECFMG and OPMC are not Plaintiff's employers. Plaintiff has not alleged that he was ever employed by ECFMG or OPMC. Nor has Plaintiff alleged that he ever applied for an employment position with ECFMG or OPMC.

Defendants ECFMG and OPMC are also not closely intertwined with Plaintiff's former employer, SUNY. Plaintiff has not alleged any facts supporting that conclusion. First, SUNY did not delegate any of its employment responsibilities to either ECFMG or OPMC. SUNY does not share any of its administrative

12

responsibilities with ECFMG or OPMC. ECFMG and OPMC had no authority to hire or fire Plaintiff while he worked at SUNY, supervise his work at SUNY, or determine his salary. ECFMG and OPMC are completely separate entities from SUNY. Thus, Plaintiff has not set forth any facts that support a conclusion that ECFMG and OPMC are closely intertwined with SUNY. Accordingly, Plaintiff's claims under Title VII are dismissed with prejudice against Defendants ECFMG and OPMC.

The Court notes that New York Executive Law Section 296 — New York's parallel law to Title VII — does not require any employer-employee relationship. See <u>Krasner v. Episcopal Diocese of Long Island</u>, 374 F. Supp. 2d 306, 310 (E.D.N.Y. 2005) ("The New York Executive Law does not require that an employer-employee relationship exist to maintain a cause of action under state law."). Section 296(6) forbids any person from aiding and abetting discrimination based on race. See N.Y. EXEC. LAW § 296(6); <u>Jews for Jesus, Inc. v. Jewish Cmty. Relations Council, Inc.</u>, 968 F.2d 286, 294 (2d Cir. 1992).

Notwithstanding this, the Court dismisses without prejudice all of Plaintiff's claims under New York Executive Law. The Court cannot exercise pendent jurisdiction over Plaintiff's state law claims when the Court has dismissed all of Plaintiff's federal claims. See <u>Giordano v. City of New York</u>, 274 F.3d 740, 754 (2d Cir. 2001) (holding that dismissal without prejudice of

13

state law claims is proper when remaining claims are substantially state law claims more appropriately addressed in state tribunals).

E. <u>Plaintiff Fails To Establish A Claim Under Section 1981.</u>

To establish a prima facie discrimination claim under 42 U.S.C. § 1981, a plaintiff must show (1) plaintiff is a member of a racial minority, (2) the defendant intended to discriminate on the basis of race, and (3) the discrimination concerned one or more activities enumerated in the statute - including making and enforcing a contract. <u>See</u> <u>Better Env't, Inc. v. ITT Hartford Ins. Group</u>, 96 F. Supp. 2d 162, 169 (N.D.N.Y. 2000) (citing <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d 1085, 1087 (2d Cir. 1993). "To demonstrate an intent to discriminate, a plaintiff must allege facts sufficient to give rise to a plausible inference of racial discriminatory intent." <u>Id</u>. (internal quotations and citations omitted). "Naked assertions" without any set of facts upon which a court could find race discrimination will not withstand dismissal. <u>Id</u>. (quoting <u>Yusuf v. Vassar Coll.</u>, 35 F.2d 709, 713 (2d Cir. 1993).

Defendants argue and this Court agrees that Plaintiff has not met his burden as to the second element of his Section 1981 claims. Plaintiff has not sufficiently alleged any set of facts that could support an inference of intentional discrimination on the parts of ECFMG and OPMC. Plaintiff has done nothing but state naked assertions and conclusions about Defendants' conduct.

14

Plaintiff alleged that "Defendant ECFMG illegally revoked Dr. Wang's ECFMG Certificate." (ECFMG Compl. ¶ 14.) In the OPMC Complaint, Plaintiff alleged that "Defendant OPMC reported falsely to [the NPDB-HIPDB] that 'Dr. Wang practice medicine fraud and prohibit him get license and practice medicine in New York State permanently.'" (OPMC Compl. ¶ 14.)

These allegations are conclusory statements without any set of supporting facts regarding Defendants' intent to discriminate. Plaintiff's "naked assertions" are not enough for the Court or any trier of fact to infer that OPMC intentionally discriminated against Plaintiff on the basis of his Chinese heritage. Accordingly, the Court dismisses without prejudice Plaintiff's Section 1981 claims against ECFMG and OPMC.

F.   No Conspiracy Exists For A Valid Section 1986 Claim.

Plaintiff also brings suit against Defendants under 42 U.S.C. §§ 1985 and 1986. Section 1985 prohibits "two or more persons [to] conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. 42 U.S.C. § 1985. A conspiracy, however, does not exist if the "conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of

15

his employment." Hermann v. Moore 576 F.2d 453, 459 (2d. Cir. 1978).

ECFMG and OPMC, each acting alone in its own right conducting a single act, cannot be a conspiracy for purposes of Section 1985. Plaintiff brought these two actions separately against each of the remaining Defendants. Therefore, the Court is hard-pressed to treat ECFMG and OPMC as co-conspirators. But even if the Court assumed that Plaintiff wanted to treat ECFMG and OPMC as alleged co-conspirators, Plaintiff still fails to state a cause of action under Section 1985.

Plaintiff has not asserted in his Complaints or elsewhere that the Defendants acted together in revoking Plaintiff's ECFMG certificate or informing the NPDB-HIPDB of Plaintiff's fraudulent practice of medicine. The conduct of each Defendant was the single act of each of the Defendants and not the result of a conspiracy between the two Defendants. ECFMG on its own with its own authority revoked Plaintiff's USMLE certificate. Four months later, the OPMC similarly on its own informed the NPDB-HIPDB of Plaintiff's fraudulent practice of medicine. Plaintiff gives this Court nothing to base a finding of a conspiracy between ECFMG and OPMC.

Because this Court finds no conspiracy exists, the Court declines to address Defendants' other arguments in this regard. Thus, this Court grants Defendants' motion to dismiss as to

16

Plaintiff's Section 1985 claims and dismisses such claims without prejudice.  Because a Section 1986 claim is contingent upon a valid Section 1985 claim, the Court also dismisses without prejudice Plaintiff's Section 1986 claims.  See Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996) (dismissing Section 1986 claims because they are contingent upon valid Section 1985 claims).

  G. This Court Dismisses Plaintiff's Claims Under State Law Without Prejudice.

  The Court dismisses without prejudice Plaintiff's claims as they arise under state law.  As with Plaintiff's claim under New York Executive Law, the Court cannot exercise pendent jurisdiction over Plaintiff's claims of slander and intentional infliction of emotional distress.  See Giordano, 274 F.3d at 754.  Matters solely of state law are best left to state courts.  See id.  Accordingly, the Court does not address any of Defendants' arguments regarding Plaintiff's claims of intentional infliction of emotional distress and slander.

CONCLUSION

The Court GRANTS Defendants' three motions to dismiss on Plaintiff's three actions.  Plaintiff's action against USMLE is dismissed in its entirety with prejudice.  The Clerk of the Court is ordered to mark the matter against USMLE as CLOSED.

Should Plaintiff decide to further pursue any claims against ECFMG and OPMC, Plaintiff is granted leave to amend his Complaints against ECFMG and OPMC in accordance with this Order within thirty (30) days of the date on this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         February 23, 2006