IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 0 9 2007 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

MICHAEL J. WANG, M.D.
         Plaintiff,

                    CV 02-5840(JS)
-Against-               CV 05-1861(JS)

Stony Brook University Hospital ("SUNY")
Peter Glass, as individual & as Chairman of Dept    **MOTION**
Fredrick Schiavone as individual & as Associate Dean
United States Medical License Examination Secretariat,

         Defendants,

-----------------------------------------------------------------x

## PLAINTIFF MOTION FOR RE-OPEN CASE AND IMPOSE SANCTION

Plaintiff motion for impose sanction against defendant's attorney Toni Logue because she has been engaging dishonest, fraud, deceit or misrepresentation and had made a numerous lies toward to Judge in course of litigation against SUNY and USMLE in violation of Rule of Professional Conduct DR 1-102(a)(4)

Toni Logue is under investigation by New York State Bar Disciplinary Commission. Honesty is one of the cornerstone of the legal profession. Logue intentional create actual and potential injury, such action are injurious to the legal system as a whole and adversely affect public confidence in our legal system (see attach complain.).

For all of the these reasons plaintiff urge this honorable court to vacate its Feb. 23, 2006 order granting summary judgement and re-open this case to permit th plaintiff to present any additional facts necessary to support its claim, and schedule for trial.

The Second circuit explained that a district court should grant a motion for reconsideration which alters amends, or offers relies from a judgement when 1) There is newly discovered evidence which was not available to the moving party at the time of

the judgement or 2) there is need to correct a legal or factual error which has resulted in a manifest injustice see *Maax's Seafood Café by Lou-Ann Inc v. Quinteos, 176 F. 3d. 66. 677(2nd Cir 1999) (Relying on North /River Ins. Co. v. CIGNA Reinsurance Co. 53 F. 3d. 1194. 1218 (2nd Cir 11995)*

Based on the foregoing, plaintiff urge this honorable court impose sanction to Toni Logue because she had made numerous lies to Judge and re-open this case for jury trial.

Dated October 8, 2007

| cc. | Barbara Underwood<br>120 Broadway<br>New York, NY 10271 | Silvia LeBlanc<br>1701Market St<br>Philadelphia, PA 19103 | Respected Submitted<br><br>Micahel Wang, MD |
|---|---|---|---|

**BEFORE THE DISCIPLINARY HEARING COMMISSION OF THE NEW YORK STATE BAR**

-------------------------------------------------------x

MICHAEL J. WANG, M.D.
                      Plaintiff,

vs.

**COMPLAINT**

TONI E, LOGUE, Attorney,
                      Defendant,

-------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 0 9 2007 ★
LONG ISLAND OFFICE

Plaintiff, complaint of defendant, alleges and say

1. Plaintiff, Michael J. Wang, M.D. a resident of Sulffok County, 4 Chester Street, South Setauket, NY 11720 Tel. (631)689-0696

2. Defendant, Toni E. Logue (hereinafter "Logue" or "defendant") Assistant Attorney General of New York State("AAG"), 200 Old Country Rd. Suit 460, Mineola, NY 11501, Tel. (516)248-3317.

Plaintiff alleges:

3. During all time relevant to this complaint defendant actively engaged in practice of law in the State of New York as AAG (License No. TL-2535) for decadents Stony Brook University Hospital ("SUNY") and Office of Professional Medical Conduct ("OPMC").

4. Logue had been dishonest or deceitful toward to Judges and had made a numerous lies in both Federal and State Court during course of litigation against SUNY and OPMC.

5. Honesty is one of the cornerstone of the legal profession. Defendant intentional and create actual and potential injury, such actions are injurious to the legal system as a whole and adversely affect public confidence in our legal system.

6. Dr. Wang, Plaintiff in action against SUNY and OPMC is physician of Asian decent and born in People of Republic of China. Dr. Wang has been practice Medicine in China for seven years as a tumor surgeon before he came to U.S. and he is a very well qualified physician

1

for a residency training program.(see exhibit 1, and trial witnesses testify) *Logue lie in court " lack of credentials and practice medicine fraud"*

7. As of June, 1998, Dr. Wang received a current valid certificate from Educational Commission for Foreign Medical Graduate("ECFMG") having received a satisfactory score on the ECFMG's examination in basic and clinical science and English (see exhibit 4) *Logue lie in court"took the USMLE twelve time before passing and inflation of test score"*

8. Dr. Wang has been working in New York Medical Center of Queens(Queens Hospital) in 1994 before he started his residency training.( See trial witness testify) *Logue lie in court"no record of plaintiff ever working there"*

9. Dr. Wang was an excellent resident physician in medical knowledge and clinical performance during his training at both St. Vincent.s Hospital and Stony Brook University Hospital. He received an award for his medical knowledge . He was the only resident in his class to received this award (see exhibit*s* 3.1, 3.2, 3.3, 3.4, 7-100, *109* and trial witnesses testify). *Logue lie in court unsatisfied and fourteen negative evaluations)* .

10. Plaintiff attended all of the lectures for first year anaesthesiology resident and passed all examinations at initial anesthesia training course in July and August 2001 (see trial witnesses testify). *Logue lie in court "refuse to attend lecture"*

11. SUNY conspired to deprive plaintiff's right to have medical education Nov. 19, 2001 during his third year medical resident training Dr. Wang was summoned to a meeting by Glass at which time Glass told Dr. Wang that "medical credential investigation [by SUNY] was prompted by [his] letter to the ABA(American Board of Anesthesiology)and threatened him that "You[Dr. Wang] will never practice medicine in this country" later that morning Dr. Wang met with Schiavone who questioned his about his medical credentials and then suspended his from all

2

clinical duty without pay"(see exhibit 104 and trial witness testify) until such time at [his]credential were verified. *Logue lie in court "refused to sign a letter of release for the primary source verification".*

12. Notwithstanding that Dr. Wang had previously submitted documentation verifying his credential, the next day Nov. 20, 2001 Dr. Wang again presented SUNY with originals of requested documentation, and arranged for such further documentation from prior employer to be sent directly to SUNY. Nevertheless, on December 4, 2001, SUNY dismissed Dr. Wang from the SUNY training program claiming that "it had not received verification of his credentials. " Subsequently, SUNY refused Dr. Wang's efforts to seek reinstatement even though by January 2002, SUNY had received verification of Dr. Wang's credentials. *Logue lie in court "lack of credentials and not qualify for resident physician"*

13. SUNY further retaliate and interfere with plaintiff's efforts to secure new employment, Following his unlawful termination Dr. Wang attempts to secure a position in other residency training program. SUNY convey false information about Dr. Wang's credentials and fitness for such position which resulted in his being denied these positions.(see exhibit 111, 112, 119 and trial witnessed testify).

14. In addition, SUNY defamed Dr. Wang by reporting falsely to the New York State Department of Health, Office of Professional Medical Conduct ("OPMC")that he had engaged in practice medicine fraud and suffered from a substance abuse problem. In supply this false information SUNY was motivated by malice and with a purpose to inflict injury upon Dr. Wang (see exhibit 106, 113 and trial witness testify).

15. As a result, Plaintiff filed "Notice of intent to file a claim" to New York State Attorney General Office, Civil Right Division, 120 Broadway, New York, NY 10271. EEOC,

3

New York State Division of Human Right, Affirmative Action Office at Stony Brook University at December 8, 2001 after his unlawful termination. (See exhibit 150). *Logue lie in court "fail to file his Claim"*

16. *Logue*, SUNY, and ECFMG conspire to deprive plaintiff's right to have medical education and right to seek employment. At May 2004 ECFMG illegally revoked Dr. Wang's ECFMG Certificate and defamed plaintiff "inflation of test score". (see exhibit 135 and trial witnesses testify)

17. *Logue*, SUNY, and OPMC conspired to deprive plaintiff's right to seek employment at August 2004 OPMC defamed Dr. Wang by reporting falsely to National Practitioner Data Bank, Health Protective Data Bank that "Dr. Wang practice medicine fraud and prohibited him practice medicine in New York State permanently" even though Dr. Wang has been unemployment for more three years and desperately try to find a job. Because of OPMC's intentional and malicious conduct plaintiff filed lawsuit against OPMC in federal court and this case is pending a jury trial (EDNY Case No. CV 05-0845 ).

18. *Logue*, SUNY, and USMLE conspired to deprive plaintiff's right to seek employment at September 2004 USMLE illegally revoked Dr. Wang's privilege to take medical license examination and prohibit Dr. Wang to seek employment in the health care fields and libeled Dr. Wang ( see exhibit 145 and trail witness testify).

19. Plaintiff has legal right to take action in both federal and state court. *Logue lie in court "barred by res judicata from re-litigating"*

20. As a result of the intentional, malicious, reckless,and willful act of retaliation. Plaintiff has suffered damage his good name, character, reputation, loss of income, emotional distress, mental anguish, humiliation, pain, and suffering.

4

21. Defendant action are so outrageous in character, and extreme in degree, as to go beyond all possible bound civilized and to be regard as atrocious and utterly intolerable in civilized society.

22. As a direct and proximate result of the wrongful conduct of defendant and each of them plaintiff os hurt, injure in his health, strength, activity, sustaining injury his nervous system, and person. All of which injures have caused, and continue to cause plaintiff great mental, physical, emotional, nervous pain, and suffering.

Wherefore, plaintiff allege that defendant:

Foregoing action constitute ground for discipline action in that defendant violates the rule of professional conduct as follows: From engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Rule of Professional Conduct DR 1-102(a)(4).

Wherefore, plaintiff pray that:

1) Disciplinary action be taken against defendant in according with New York Discipline and Disability Rule of New York State Bar as the evidence on hearing may warrant.

2) Defendant be taxed with the costs permitted by law in connection with this proceeding and .

3) For such other and further relief as is appropriate.

cc.  Hon. Rita E. Adler, 2nd Judicial Dept, 10th Judicial District Grievance
     Hon. Andrew M. Cuomo, NYS Attorney General
     Hon. Joanna Seybert, USDJ-EDNY
     Hon. Gina Lopez Summa NYS Court of Claim
Dated Oct.7, 2007

*Michael Wang* (signature)
Michael Wang, M.D.
4 Chester Street
South Setauket, NY 11720

Incl:exhibits and witnesses