Law Offices
**Morgan, Lewis & Bockius LLP**
101 Park Avenue
New York, NY 10178
(212) 309-6000
Attorneys for the National Board of Medical Examiners
and the Federation of State Medical Boards

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
Michael J. Wang,

    Plaintiff,

v.

United States Medical Licensing Examination
Secretariat

    Defendant.
------------------------------------------------------------X

C.A. No. 2:05-CV-01861 (JS)(ARL)

**Electronically Filed**

## RESPONSE TO PLAINTIFF'S "MOTION TO REOPEN CASE ON THE GROUND THAT DEFENDANTS'S ATTORNEY LIED TO THE COURT ABOUT MATERIAL FACTS"

The National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB"), the cosponsoring entities of the United States Medical Licensing Examination ("USMLE"), by and through their counsel, Morgan, Lewis & Bockius LLP, hereby appear before this Court for the limited purpose of opposing Plaintiff's motion currently pending before this Honorable Court.[1]

---

[1] NBME and FSMB have not been named as defendants or entered appearances in this matter; rather, for the sake of judicial economy, they appeared through counsel for the limited purpose of contesting jurisdiction in this matter through a motion to dismiss filed May 10, 2005, and to oppose Plaintiff's previous motion to re-open, filed October 9, 2007. Similarly, NBME and FSMB are not entering appearances at this time, but instead appear through counsel for the limited purpose of opposing Plaintiff's present motion to re-open, filed October 15, 2007.

Plaintiff filed a "Motion for Re-Open Case and Impose Sanction" in this Court on October 9, 2007, to which NBME and FSMB responded on October 23, 2007. (*See* "Response to Plaintiff's 'Motion for Re-Open Case and Impose Sanction,'" filed October 23, 2007) (hereinafter "October 23 Response"). In both his previous and current motions to reopen, Plaintiff asks the Court to vacate its February 23, 2006 ruling dismissing Plaintiff's action.[2] Plaintiff's motion should be denied for the reasons set forth in NBME's and FSMB's October 23 Response, which is incorporated herein by reference, as well as the following reasons:

1. Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 60(b). (*See* Plaintiff's "Motion to Reopen Case on the Ground that Defendants's Attorney Lied to the Court about Material Facts," ¶ 5) (hereinafter "Plaintiff's October 15 Motion"). His motion, however, is untimely under Rule 60(b), which provides that motions for relief from judgment or order based on claims of new evidence or fraud, misrepresentation or misconduct of an adverse party, as Plaintiff's motion purports to be, must be filed within one (1) year of the entry of judgment.[3] The Court dismissed this case over 20 months ago on February 23, 2006. (*See* October 23 Response, at 2.)

2. This matter has been finally resolved. On February 23, 2006, this Court dismissed this case *with prejudice* on the grounds that USMLE lacked the capacity to be sued. The Second Circuit affirmed that decision and the United States Supreme Court denied

---

[2] Plaintiff has filed his motion in two separate actions: this case (*Wang v. United States Medical Licensing Examination Secretariat*, case number 05-CV-01861); and *Wang v. Stony Brook University Hospital, Peter Glass, Frederick Schiavone, et al.*, case number 02-CV-05840. NBME and FSMB file this opposition only with respect to this case, the only one in which USMLE was named.

[3] Plaintiff has presented no "extraordinary circumstances" such that his motion would fall under Rule 60(b)(6) ("any other reason justifying relief") and not be subject to the one year time limitation. *U.S. v. Cirami*, 563 F. 2d 26, 32 (2d Cir. 1977) (noting that it is well established that a "'proper case' for Rule 60(b)(6) relief is only one of extraordinary circumstances or extreme hardship") (citation omitted). Further, when the basis for relief falls under the first three clauses of Rule 60(b), which include newly discovered evidence and fraud, Rule 60(b)(6) "may not be employed to avoid the one-year limitation." *Id.*

Plaintiff's Petition for Writ of Certiorari. (*See* October 23 Response, at 2; Declaration of Julia Nicole Miller, Exs. A & B). Accordingly, this matter has been fully decided and the case is closed.

3. Plaintiff's Motion contains no new evidence or case law (including any purportedly unavailable at the time the Court made its decision) that could affect the basis for the Court's dismissal of this action – USMLE's lack of capacity to be sued.

4. To the extent that Plaintiff bases his motion on purported statements by counsel representing the State University of New York Health Sciences Center at Stony Brook, Peter Glass and Frederick Schiavone (Plaintiff's October 15 Motion, at ¶¶ 1 & 2), which and who are not parties to this action, Plaintiff's arguments are not relevant to the matter against USMLE.

WHEREFORE, NBME and FSMB respectfully submit that Plaintiff's motion should be denied.

Dated: October 29, 2007

s/Julia Nicole Miller
Julia Nicole Miller (JM-3935)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
Tel. No. (212) 309-6000
Fax No. (212) 309-6001

Of Counsel:

Brian W. Shaffer
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel. No. (215) 963-5000

Attorneys for the National Board of Medical Examiners and the Federation of State Medical Boards