```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
MICHAEL J. WANG,

                 Plaintiff,

         -against-                    MEMORANDUM AND ORDER
                                      05-CV-1861(JS)(ARL)

UNITED STATES MEDICAL LICENSE
EXAMINATION SECRETARIAT,

                 Defendant.
-----------------------------------X
APPEARANCES:
For Plaintiff:      Michael J. Wang, pro se
                    4 Chester Street
                    South Setauket, New York 11720

For Interested
Parties:            Julia Miller, Esq.
                    Michael J. Puma, Esq.
                    Morgan, Lewis & Bockius LLP
                    101 Park Avenue
                    New York, NY 10178
```

SEYBERT, District Judge:

On April 15, 2005, pro se Plaintiff, Michael J. Wang ("Plaintiff"), filed a Complaint in the United States District Court for the Eastern District of New York against the United States Medical License Examination Secretariat ("USMLE"). Plaintiff's Complaint alleged that the USMLE discriminated against Plaintiff in violation of Plaintiff's constitutional rights.

On February 23, 2006, this Court dismissed Plaintiff's action against the USMLE with prejudice (the "February 2006 Order"). The Court held that the USMLE is not a legal entity or organization, it is merely an examination that aspiring physicians take to practice medicine in the United States. The Court

therefore dismissed Plaintiff's claims against USMLE because New York law does not recognize law suits against named defendants that are not legal entities.

Plaintiff appealed this Court's decision to the Second Circuit Court of Appeals. On January 3, 2007, the Second Circuit affirmed this Court's decision, and held: "USMLE is neither a business organization nor a governmental entity, or, for that matter, an organization at all, and is certainly an artificial entity, i.e., not a natural person. There is no New York statutory authority delineating the USMLE's, or any similar entity's, power to sue or be sued, and thus no such power exists." Wang v. United States Med. License Examination Secretariat, 206 Fed. Appx. 67, 68 (2d Cir. 2006). Plaintiff petitioned for a writ of certiorari from the Second Circuit's decision, which the Supreme Court denied on March 19, 2007. See Wang v. United States Med. License Examination Secretariat, 167 L. Ed. 2d 332, 2007 U.S. LEXIS 3144 (U.S. Mar. 19, 2007).

On October 9, 2007, Plaintiff filed a motion to "reopen" this case, and on October 15, 2007, Plaintiff filed a motion to vacate the February 2006 Order. The motion to reopen and the motion to vacate are nearly identical and allege, in essence, that the Court should reconsider its February 2006 Order because Assistant Attorney General Toni E. Logue ("Logue") lied to the Court. Logue represented the Office of Professional Medical

Conduct, New York State Department of Health, in another action brought by Plaintiff. See <u>Wang v. Office of Professional Medical Conduct, New York State Department of Health</u>, No. 05-CV-0845 (JS) (ARL). For the reasons stated below, the Court DENIES both of Plaintiff's motions.

DISCUSSION

I.  <u>Standard Of Review</u>

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to vacate a final order or determination for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." <u>United States v. Int'l Bhd. of Teamsters</u>, 247 F.3d 370, 391 (2d Cir. 2001). "The standard for granting such a motion is strict" with the burden of proof on the party seeking reconsideration. <u>Shrader v. CSX Transp.</u>, 70 F.3d 255, 257 (2d Cir. 1995); <u>see also</u> <u>Pichardo v. Ashcroft</u>, 374 F.3d 46, 55 (2d Cir. 2004). Motions for reconsideration may not be granted where the party seeks solely to repackage or relitigate arguments and issues

3

already considered by the Court.  See Shrader, 70 F.3d at 257 ("Admittedly, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); see also United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").  Reconsideration may only be granted "to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law[,] or prevent manifest injustice."  Cornett v. Brown, No. 04-CV-0754, 2007 U.S. Dist. LEXIS 68668, at *9 (E.D.N.Y. Sept. 27, 2007).

When deciding a motion pursuant to Rule 60(b), "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality."  Stewart Park & Reserve Coal. Inc. v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)).  "Rule 60(b) motions are left to the sound discretion of the district judge."  Id. (citing Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991)).

II. Plaintiff's Motion To Reopen And Motion To Vacate Are Denied

At the outset, the Court notes that Plaintiff filed his motion to vacate well over a year after this Court's February 2006 Order.  A motion for reconsideration must be submitted within ten days of the Court's Order.  "Failure to submit a timely motion for

reconsideration may result in denial of the motion." Fleming v. Verizon N.Y. Inc., No. 03-CV-5639, 2006 U.S. Dist. LEXIS 68632, at *38 fn 5 (S.D.N.Y. Sept. 22, 2006).

Moreover, Plaintiff has not provided the Court with any basis for reconsidering its Order. Plaintiff's motion papers do not refer to the USMLE whatsoever, and do not provide the Court with any basis for finding that the USMLE is an entity subject to suit. Rather, Plaintiff's papers discuss alleged improprieties committed by an attorney that represented a party in another one of Plaintiff's numerous lawsuits. Logue's actions in that lawsuit have absolutely no bearing on this case. In this case, both this Court and the Second Circuit Court of Appeals found that Plaintiff's case should be dismissed because the USMLE is not a legal entity subject to suit. This issue has been finally resolved: the USMLE is not an entity subject to suit, and Plaintiff's allegations regarding Logue are irrelevant on this matter. Accordingly, the Court DENIES Plaintiff's motion to reopen this case and Plaintiff's motion to vacate the February 2006 Order.

CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to reopen this case and Plaintiff's motion to vacate the February 23, 2006 Order.

Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         September 30 , 2008